IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JAMES LOVENGUTH,<br><br>Defendant/Movant. | Cause No. CR 16-01-GF-BMM<br>CV 17-63-GF-BMM<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Lovenguth's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Lovenguth is a federal prisoner proceeding with counsel.

## I. Preliminary Review

The Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" before ordering a response from the United States. 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). The Court otherwise should deny a §

1

2255 motion without ordering a response. *See* Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Lovenguth pled guilty to one count of conspiracy to possess with intent to distribute at least 50 grams of a substance containing methamphetamine (or at least five grams of actual methamphetamine) in violation of 21 U.S.C. §§ 846 and 841(a)(1). The United States dismissed three other charges: one count of possession with intent to distribute a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1); one count of receiving a firearm while under indictment; and one count of being an unlawful user of a controlled substance in possession of a firearm. *See* Plea Agreement (Doc. 28) at 2 ¶ 3; Indictment (Doc. 1) at 2-4; Judgment (Doc. 84) at 1.

Lovenguth's base offense level was 29. He received a two-level upward adjustment because he possessed a firearm. *See* U.S.S.G. § 2D1.1(b)(1). A three-level reduction for acceptance of responsibility dropped his total offense level to 28. His criminal history category was I. The advisory guideline range was 87 to 108 months. *See* Presentence Report ¶¶ 23-33, 40, 83; Statement of Reasons (Doc. 85) at 1 ¶¶ I(A), III. The Court departed below the guideline range and imposed a sentence of 50 months. *See* Judgment at 2; 18 U.S.C § 3553(a).

### III. Lovenguth's Claims

Lovenguth claims that he received the enhancement due to ineffective assistance of counsel. *See* Mot. § 2255 (Doc. 90) at 1. Lovenguth also contends the United States "did not live up to their part of the plea agreement." Br. in Supp. of § 2255 Mot. (Doc. 91) at 4-7. He claims that its representation "that the gun charges would be dismissed" was contradicted by its "recommendation that the court use the gun enhancement at sentencing." *Id.* at 4. He suggests the "lack of clarity" in the plea agreement should have defeated the enhancement. *Id.* at 5.

### IV. Analysis

**A. Ineffective Assistance of Counsel**

*Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. At this stage of the proceedings, Lovenguth must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687-88, 694.

Lovenguth also could be understood to claim that counsel did not explain the prospect and effect of a guideline enhancement based on conduct underlying the dismissed charges. *Strickland* requires Lovenguth to show, however, that counsel had reasonable legal and factual support for objecting to the enhancement and also

3

had a reasonable probability of prevailing at sentencing. Lovenguth says he was prejudiced because the finding that he possessed a firearm prevents him from obtaining placement in a pre-release center after he completes the Residential Drug Abuse Prevention program. *See* Mot. § 2255 at 3. Although prejudicial, it fails to meet the prejudice prong of the *Strickland* test. A defendant possesses entitlement to a new sentencing hearing only if counsel's deficient performance deprived him of a fair hearing in the first place. The fact that Lovenguth did not expect to receive a two-level enhancement at sentencing does not give him a right to void the enhancement. *Strickland* prejudice would be shown if Lovenguth would not have pled guilty had he known about the enhancement. Lovenguth admits that he does not seek "to proceed to trial or withdraw his guilty plea." *See* Mot. § 2255 at 3.

The question presented is whether counsel could have avoided the enhancement by having raised a timely objection. Application Note 11 provides that "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Officers executed a search of the residence Lovenguth shared with his co-defendant Trout. Officers found 78 grams of pure methamphetamine, ammunition, and four firearms, including a loaded Glock .40-caliber semiautomatic pistol in a holster and two rifles on or next to the bed in one of the bedrooms. *See* Presentence Report ¶ 15. Connection between the firearms and the drugs is not "clearly improbable"

4

when firearms are readily accessible in an area where drugs are stored. Lovenguth fails to identify any facts counsel knew, or should have known, that would have supported a finding that the drugs were probably not connected to any of the firearms.

Counsel's performance was not deficient, and no reasonable probability exists that Lovenguth could have avoided the enhancement.

**B. Deception or Lack of Clarity in Plea Agreement**

The plea agreement does not say that the dismissed charges will have no effect at sentencing. The Court understands that Lovenguth may have inferred that the dismissed charges would have no effect at sentencing. The plea agreement contains no such provision.

Lovenguth "acknowledge[d] that the [plea] agreement will be fulfilled provided a) the United States moves to dismiss Counts II, III, and IV . . . and b) makes the recommendations provided" in the remainder of the agreement. Plea Agreement at 2 ¶ 3. The United States fulfilled those promises. *See id.* at 6 ¶ 6 para. 1; Presentence Report ¶¶ 31-32; Judgment at 1. The agreement left both parties "free to make any other sentencing recommendation they deem appropriate" and acknowledged "the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable." Plea Agreement at 6 ¶ 6 para. 2, ¶ 7. Lovenguth

5

also acknowledged that he had received no promises other than those set forth in the plea agreement. *See id.* at 9-10 ¶ 15.

A sentencing court may consider only conduct of conviction in selecting the appropriate guideline to apply. *See* U.S.S.G. § 1B1.2(a); *see also, e.g.*, *United States v. Crawford*, 185 F.3d 1024, 1028-29 (9th Cir. 1999). The appropriate guideline for Lovenguth's conviction was U.S.S.G. § 2D1.1. *See* 2015 Guidelines Manual App. A at 562, 563. Once the Court has determined the appropriate guideline to apply, upward and downward adjustments may be based on "relevant conduct." *See* U.S.S.G. § 1B1.2(b). This "relevant conduct" includes, among other things, "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." *Id.* § 1B1.3(a)(1)(A).

Sentencing enhancements do not punish a defendant for crimes of which he was not convicted. Sentencing enhancement instead increase a defendant's sentence "because of the manner in which he committed the crime of conviction." *United States v. Watts*, 519 U.S. 148, 155 (1997) (per curiam); *Witte v. United States*, 515 U.S. 389, 402-03 (1995) (holding that imposition of a guideline enhancement does not preclude later prosecution and sentencing for criminal offense based on same conduct). A plea agreement that includes the dismissal of a charge "shall not preclude the conduct underlying such charge from being considered under the provisions of §1B1.3 (Relevant Conduct) in connection with

6

the count(s) of which the defendant is convicted." U.S.S.G. § 6B1.2(a). The Ninth Circuit has long determined both that conduct underlying dismissed counts may be considered as relevant conduct at sentencing and that a plea agreement is not deceptive if it fails to advise the defendant that sentencing enhancements may be based on conduct underlying dismissed charges. *See United States v. Fine*, 975 F.2d 596, 599-600, 603-04 (9th Cir. 1992) (en banc). Dismissal of a charge does not mean that the underlying conduct did not happen. As the unanimous en banc court said in *Fine*, the public interest "does not favor fictional minimization" of conduct that actually occurred. *Id.* at 604. As a result, no justification exists for "discover[ing] some principle of law which would enhance [the] value" of a plea bargain resulting in dismissal of some charges. *Id.* at 604.

Neither the law, the plea agreement, nor the United States's own conduct misled Lovenguth. Even if he actually misunderstood the effect of dismissing the gun charges, his misunderstanding does not mean that he could have avoided the enhancement. This claim is denied.

## V. Certificate of Appealability

Reasonable jurists would agree that Lovenguth has not made a substantial showing that he was denied a constitutional right. A certificate of appealability is not warranted. 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

**Accordingly, IT IS HEREBY ORDERED**:

1. Lovenguth's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 90, 91) is **DENIED**.

2. A certificate of appealability is **DENIED**. The Clerk of Court shall immediately process the appeal if Lovenguth files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 17-63-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Lovenguth.

DATED this 4th day of January, 2018.

_____
Brian Morris
United States District Court Judge